343 So.2d 1296 (1977)
CAMACHO ENTERPRISES, INC., a Florida Corporation, Appellant,
v.
BETTER CONSTRUCTION, INC., a Florida Corporation, Appellee.
No. 75-2002.
District Court of Appeal of Florida, Third District.
March 22, 1977.
Rehearing Denied April 18, 1977.
*1297 Lopez & Harris, Miami, for appellant.
Seymour M. Litman, Miami, and Charles D. Bernard, for appellee.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
HENDRY, Chief Judge.
Appellant, defendant below, appeals from a final judgment entered in favor of appellee, plaintiff below, in an action to obtain distribution of a share of profits from a joint venture agreement.
On March 28, 1970, the parties entered into a written joint venture agreement whereby appellee was to construct nine houses upon the property of appellant. The contract provided that the nine houses were to be completed within six months from the date of the agreement "barring strikes, non-availability of materials or other causes beyond control of second party (Better Construction)."
Shortly thereafter, construction was commenced on five houses, which were timely completed pursuant to the agreement. Construction was later commenced on the other four houses; however, due to a heart attack suffered by the president of appellee, work was not completed until January or February of 1971.
Appellant contends that due to the untimely completion of the remaining four homes, the joint venture agreement was abandoned by appellee, thus precluding appellee from sharing in the profits from the sale of those unfinished homes.
In addition, appellant contends that, even assuming the continued existence of the joint venture, the court appointed auditor's calculations of the respective contributions of the parties to the joint venture and his calculations of profits earned by the joint venture were not supported by competent substantial evidence. As such, appellant argues that any distribution of profits to appellee based upon said calculations was error.
Finally, appellant contends that the court erred in awarding the auditor a fee for work done in the case in that appellant was not present to contest the amount awarded by the court.
We find appellant's contentions to be without merit and affirm.
It is an elementary principle of law that a judgment from the trial court comes to an appellate court clothed with a presumption of correctness and will not be disturbed unless there is a lack of substantial competent evidence to support such judgment. Peacock v. Carver, 315 So.2d 214 (Fla. 1st DCA 1975).
We find that the record reveals substantial competent evidence to support the judgment of the trial court that the joint venture agreement was not abandoned by appellee after its president suffered a heart attack and that any delay in the completion of the project was "beyond the control" of appellee, thus entitling appellee to share in the profits of the four remaining homes pursuant to the joint venture agreement.
*1298 In addition, we also find substantial competent evidence to support the calculations of the auditor concerning both the initial contributions of the parties to the joint venture and the profits realized therefrom.
As for the amount of fees awarded the auditor for work done in the case, we note that appellant neither sought an opportunity to be heard on the question, nor objected to the amount awarded in the trial court. This failure to raise the issue below precludes our review of the matter for the first time on appeal. See Barton v. Keyes Co., 305 So.2d 269 (Fla. 3d DCA 1974). Nevertheless, we are of the opinion that the award was grounded upon competent substantial evidence and should therefore be affirmed.
After having carefully reviewed the record, all points in the briefs and arguments of counsel, in light of the controlling principles of law, we are of the opinion that no error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.