766 So.2d 311 (2000)
ENGLE HOMES, INC., a Florida corporation, Appellant,
v.
Fred KRASNA and Rita Krasna, husband and wife, Appellees.
No. 4D98-1672.
District Court of Appeal of Florida, Fourth District.
March 1, 2000.
*312 Mark F. Bideau and Elizabeth A. Rogers of Greenberg Traurig, P.A., West Palm Beach, and Elliott H. Scherker and Charles S. Kyriazos of Greenberg Traurig, P.A., Miami, for appellant.
James D. Ryan of Ryan & Ryan, P.A., North Palm Beach, for appellees.
HOLMES, ILONA, Associate Judge.
Appellant, Engle Homes, timely appeals from the trial court's entry of a final summary judgment and damages in favor of the appellees, Fred and Rita Krasna.
In October 1994, the Krasnas contracted with Engle Homes to build a custom home in a development called Wedgewood Lakes. The home was completed and the Krasnas moved in May 1995. In March 1997, while speaking with a neighbor, the Krasnas learned of their right of rescission. On April 30, 1997, the Krasnas notified Engle Homes of their intent to rescind the contract and tendered the title to the home. On May 7, 1997, the Krasnas demanded a full refund of purchase price.
The purchase contract provided that construction would be completed within two (2) years and also contained a clause limiting damages to liquidated damages, but failed to notify the buyers of their right of rescission within seven (7) days as required by the Interstate Land Sales Full Disclosure Act (ILSFDA), 15 U.S.C. § 1703(b):
Revocation of nonexempt contract or agreement at option of purchaser or lessee; time limit
Any contract of agreement for the sale or lease of a lot not exempt under section 1702 of this title may be revoked at the option of the purchaser or lessee until midnight of the seventh day following the signing of such contract or agreement or until such later time as may be required pursuant to applicable state laws, and such contract or agreement shall clearly provide this right.

(emphasis added)
In this case of first impression, this court has jurisdiction pursuant to 15 U.S.C. § 1719, which provides that state and federal courts have concurrent jurisdiction to enforce any liability or duty by this chapter. Further, the Florida Supreme Court has established precedent for this court's jurisdiction in Samara Development Corp. v. Marlow, 556 So.2d 1097 (Fla.1990)(where obligation to complete construction within two years is illusory, as when remedy for non-compliance is limited by the seller, the sale is subject to the Interstate Land Sales Full Disclosure Act).
Engle Homes contends that the trial court erred in entering summary judgment because the Krasnas failed to rescind the contract within seven days and, further, that the Krasnas have not proven damages, and even if they have, damages in this case should not be rescission of the contract.
Engle Homes concedes that this contract is governed by ILSFDA and also concedes that the contract did not clearly provide the notice to the buyer as required. However, Engle Homes alleges that the statute of limitations bars the Krasnas' right to rescind and limits their claim to actual damages.
This court finds no such limitation in the plain language of the Act, which provides that:
no action shall be maintained ... to enforce a right created under subsection (b), (c), (d) or (e) of section 1703 of this title unless brought within three [3] years after the signing of the contract *313 or lease, notwithstanding delivery of a deed to a purchaser.
15 U.S.C. § 1711(b) (emphasis added)
The Krasnas are asserting a right, i.e., rescission, created under subsection (b) of the Act. The notification of the rescission and return of the deed was done within thirty-one (31) months after the signing of the contract and within sixty (60) days of the Krasnas' discovery that Engle Homes had violated the Act.
Engle Homes also asserts that the Krasnas waived their right to rescind the contract. This assertion is flawed. Waiver is the relinquishment of a known right and may not occur unless knowledge of that right is express or implied. Independent Fire Ins. Co. v. Arvidson, 604 So.2d 854 (Fla. 4th DCA 1992). Engle Homes concedes that the right was not expressly stated in the contract. Thus, since the Krasnas did not learn of their right to rescission until 1997, waiver cannot be implied by their acceptance of the deed and living in the house.
Engle Homes avers that even if the trial court was correct in allowing rescission, they are entitled to set-off since the Krasnas lived in the home for almost two years. However, section 1703(e) of the Act provides a statutory scheme for determining repayment in the event of revocation:
(e) Repayment of purchaser or lessee upon revocation of all money paid under contract or agreement to seller or lessor
If a contract or agreement is revoked pursuant to subsection (b) ... of this section, if the purchaser ... tenders to the seller ... an instrument conveying his or her rights and interests in the lot, and of the rights and interests and the lot are in a condition which is substantially similar to the condition in which they were conveyed or purported to be conveyed to the purchaser ..., such purchaser ... shall be entitled to all money paid by him or her under such contract or agreement.

15 U.S.C. § 1703(e) (emphasis added)
Thus, the Act provides its own remedy and where there is a statutory or remedy at law, this court will not exercise its equitable jurisdiction. Terex Trailer Corp. v. McIlwain, 579 So.2d 237 (Fla. 1st DCA 1991). The Act places a limitation on full reimbursement if the property is not returned in a condition which is substantially similar to the condition in which it was originally conveyed. Engle Homes makes no such assertion; thus, the Krasnas are entitled to full reimbursement or to all money paid and owing under the contract.
Engle Homes drafted the contract under contention in this case. Its contract failed to follow the mandates of the law, yet it seeks to limit the remedy available to the Krasnas to the liquidated damages clause of the contract. This court will not impose such a limitation. Accordingly, the judgment of the lower court is affirmed.
GUNTHER and FARMER, JJ., concur.