STEVENSON, J.
 

 The Maillouxes, purchasers of a proposed condominium unit, appeal a final summary judgment entered in favor of the developer, Briella Townhomes, LLC, wherein the trial court found the sale exempt from disclosure requirements set forth in the Interstate Land Sales Full Disclosure Act (“ILSA”), 15 U.S.C. §§ 1701-20 (2006), since construction was required to be completed within two years. The trial court also found that Briella’s failure to provide an ad valorem tax disclosure summary pursuant to Florida Statutes section 689.261 (2006), did not provide the Maillouxes with a private cause of action. We affirm, concluding that (1) the contract’s act of God, impossibility of performance and frustration of purpose clauses did not render the obligation to complete the condominium within two years illusory and (2) Florida’s ad valorem tax disclosure statute neither provides nor implies a private cause of action for noncompliance.
 

 The material facts are not contested. The Maillouxes executed a contract for the purchase of a condominium in Boynton Beach from Briella, but later, they sought to revoke and terminate this contract, citing Briella’s failure to comply with ILSA’s registration and reporting requirements. A developer need not furnish a printed property report to a purchaser of land under a contract obligating the seller to erect a building thereon within a period of two years. 15 U.S.C. § 1702(a)(2). However, the Maillouxes contend that Briella failed to unconditionally obligate itself to complete construction within two years because the contract for sale permitted delays associated with acts of God, impossibility of performance, and frustration of purpose.
 

 The Department of Housing and Urban Development (“HUD”) has issued Guidelines to assist with interpreting ILSA. Guidelines for Exemptions Available Under the Interstate Land Sales Full Disclosure Act, 61 Fed. Reg. 13596 (Mar. 27, 1996). Pertinent to the instant issue, the Guidelines provide:
 

 Contract provisions which allow for nonperformance or for delays of construction completion beyond the two-year period are acceptable if such provisions are legally recognized as defenses to contract actions in the jurisdiction where the building is being erected. For example, provisions to allow time extensions for events or occurrences such as acts of God, casualty losses or material shortages are generally permissible.... Although the factual circumstances upon which nonperformance or a delay in performance is based may vary from transaction to transaction, as a general rule
 
 *396
 
 delay or nonperformance must be based on grounds cognizable in contract law such as impossibility or frustration and on events which are beyond the seller’s reasonable control.
 

 Guidelines, 61 Fed. Reg. at 13603.
 

 In Florida, acts of God, impossibility of performance, and frustration of purpose are well-recognized defenses to nonperformance of a contract.
 
 See, e.g., Fla. Power Corp. v. City of Tallahassee,
 
 154 Fla. 638, 18 So.2d 671, 675 (1944) (recognizing that an act of God which is extraordinary and unprecedented such that human foresight could not guard against it provides legal justification for nonperformance of a contract);
 
 Am. Aviation, Inc. v. Aero-Flight Serv., Inc.,
 
 712 So.2d 809, 810 (Fla. 4th DCA 1998) (explaining that impossibility of performance can provide a defense to nonperformance of a contract where facts making performance impossible were not available to promisor prior to execution of contract);
 
 Equitrac Corp. v. Kenny, Nachwalter & Seymour, P.A.,
 
 493 So.2d 548, 548 (Fla. 3d DCA 1986) (noting that doctrine of frustration of purpose can render a contract unenforceable). Nonetheless, the Maillouxes rely on
 
 Samara Development Corp. v. Marlow,
 
 556 So.2d 1097 (Fla.1990), for the proposition that a “contract must unconditionally obligate the developer to complete construction within two years.”
 
 Id.
 
 at 1098.
 

 In
 
 Samara,
 
 our supreme court held that a contractual limitation on a purchaser’s remedies of specific performance or damages rendered a purchase contract obligating the developer to complete construction within two years “illusory.”
 
 Id.
 
 at 1101. The instant case is distinguishable as it concerns recognized defenses to nonperformance as opposed to the limitation of remedies. Therefore, in accordance with the Guidelines and Florida contract law, we hold that the well-recognized defenses to contractual nonperformance which are included in the contract at issue do not render Briella’s obligation to complete construction within two years illusory within the ILSA context.
 

 In the alternative, the Maillouxes sought to revoke their purchase contract pursuant to section 689.261, Florida Statutes (2006), which provides that at or before the execution of a contract for sale, either the seller or the contract itself must disclose to the prospective purchaser that the property may be subject to higher property taxes after purchase. Briella admitted failing to provide the Maillouxes with the tax disclosures required by this statute, but noted that the statute fails to provide for a private cause of action.
 

 The Legislature did not include a private cause of action in this statute. “Whether a violation of a statute can serve as the basis for a private cause of action is a question of legislative intent.”
 
 Aramark Unif. & Career Apparel, Inc. v. Easton,
 
 894 So.2d 20, 23 (Fla.2004). Of note, a review of the legislative history reveals that a purchaser’s remedy was contemplated but ultimately removed from the statutory text.
 
 Compare
 
 Fla. Staff Analysis, S.B. 2444 (Mar. 23, 2004),
 
 with
 
 Fla. Staff Analysis, S.B. 2444 (Apr. 20, 2004). It remains for the Legislature to create a private cause of action, and this court will not imply one in this instance. Accordingly, we affirm the trial court’s award of final summai’y judgment in favor of Briella.
 

 Affirmed.
 

 DAMOORGIAN, J., and PHILLIPS, CAROL-LISA, Associate Judge, concur.