GRIFFIN, J.
 

 Plaza Court, L.P. [“Plaza”] appeals the trial court’s entry of an agreed amended final judgment in favor of Shane Baker-Chaput [“Baker”] and Christine O’Brien [“O’Brien”] in a case arising under the Federal Interstate Land Sales Full Disclosure Act [“ILSFDA”].
 
 [1]
 
 Although our reasoning differs from that of the trial judge, we affirm.
 

 On May 6, 2005, Baker entered into a purchase agreement with Plaza for the preconstruction purchase of a condominium unit for a purchase price of $447,900.00. The purchase agreement required a deposit of $22,395.00 upon execution of the agreement as well as a cash deposit of $22,395.00 within fifteen days of the effective date of the purchase agreement. In April 2007, Baker and Plaza agreed, through a special addendum to the purchase agreement, to add O’Brien as a purchaser of the condominium unit.
 
 [2]
 

 On July 31, 2007, Baker sent Plaza a letter demanding rescission of the purchase agreement pursuant to ILSFDA. Plaza responded by letter, rejecting Baker’s demand for rescission. On October 17, 2007, Baker filed suit. Baker alleged that Plaza violated ILSFDA by (1) failing to provide him with a property report, (2) failing to provide an unconditional commitment in the purchase agreement to complete construction of the condominium unit within two years, and (3) failing to complete construction of the condominium unit within two years. In its answer, affirma
 
 *722
 
 tive defenses, and counterclaim, Plaza admitted that it did not provide Baker with a property report, but denied failing to provide an unconditional commitment in the purchase agreement to complete construction of the condominium unit within two years and denied failing to complete construction of the condominium unit within two year’s.
 

 On December 5, 2007, Baker moved for summary judgment, asserting:
 

 [Plaza] has expressly elected not to provide a property report as required by ILSFDA and instead rely upon the narrow exemption provided for by 15 U.S.C. § 1702(a)(2) by purportedly providing an unconditional guarantee to complete the unit within two years from May 24, 2005. Fatal to [Plaza’s] qualification for the 15 U.S.C. § 1702(a)(2) exemption is the fact that [Plaza] has elected to include various conditions in the Purchase Agreement which essentially render the unconditional commitment illusory. As a matter of law, [Baker] is entitled to entry of summary judgment in his favor and against [Plaza] rescinding the Purchase Agreement, ordering the return of [Baker’s] deposits totaling $44,790.00, and awarding [Baker] his attorney fees, costs and interest on the deposit.
 

 Plaza responded with a memorandum of law, contending, among other things, that: (1) the commitment to complete construction of the condominium unit within two years was unconditional, not illusory, and (2) the statute of limitations in 15 U.S.C. § 1703(c)-(e) barred rescission of the purchase agreement.
 

 After a hearing on February 4, 2008, the General Magistrate entered a report recommending that the trial court enter an order granting Baker’s motion for summary judgment. The General Magistrate found that Plaza: (1) failed to provide a property report, as required by 15 U.S.C. § 1703(a)(1)(B), and (2) failed to fall within the exemption provided in 15 U.S.C. § 1702(a)(2) because sections 5, 20, and 26 of the purchase agreement rendered Plaza’s contractual duty to complete construction of the condominium unit within two years illusory, and (3) section 26 also violated ILSFDA by limiting Baker’s and O’Brien’s remedies of specific performance and damages. On February 21, 2008, the trial court entered an order that “ratified, approved, and incorporated” the General Magistrate’s report and adopted all of the report’s findings and recommendations. Subsequently, the trial court entered the appealed amended final judgment in favor of Baker and O’Brien.
 

 The issue before this Court is whether the trial court properly found that Baker and O’Brien were entitled to judgment as a matter of law. On appeal, Plaza argues that the trial court erred in holding that Baker’s and O’Brien’s claim for rescission was timely. Even though Baker filed suit within the three-year statute of limitations provided in 15 U.S.C. 1711(b), Plaza contends that the trial court’s decision disregarded the deadline contained in 15 U.S.C. 1703(c), requiring exercise of the right to revoke within two years of executing the purchase agreement.
 

 Although the relationship between these two time limits is complex and has been the subject of much judicial debate, we think the statutes are clear. 15 U.S.C. 1702 addresses exemptions from ILSFDA and provides in pertinent part:
 

 (a) Sale or lease of lots generally
 

 Unless the method of disposition is adopted for the purpose of evasion of this chapter, the provisions of this chapter shall not apply to—
 

 (2) the sale or lease of any improved land on which there is a residential,
 
 *723
 
 commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years
 

 For property not exempt, 15 U.S.C. 1703 contains the requirement for furnishing of a property report and the option for revocation of the contract for failure to furnish the report:
 

 (a)Prohibited activities
 

 It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails—
 

 (1) with respect to the sale or lease of any lot not exempt under section 1702 of this title—
 

 (B) to sell or lease any lot unless a printed property report, meeting the requirements of section 1707 of this title, has been furnished to the purchaser
 
 or
 
 lessee in advance of the signing of any contract or agreement by such purchaser or lessee;
 

 (c) Revocation of contract or agreement at option of purchaser or lessee where required property report not supplied In the case of any contract or agreement for the sale or lease of a lot for which a property report is required by this chapter and the property report has not been given to the purchaser or lessee in advance of his or her signing such contract or agreement, such contract or agreement may be revoked at the option of the purchaser or lessee
 
 within two years from the date of such signing, and such contract or agreement shall clearly provide this right.
 

 (Emphasis added). The remedies for violation of ILSFDA are contained in 15 U.S.C. § 1709, which provides in pertinent part:
 

 (a) Violations; relief recoverable
 

 A purchaser or lessee may bring an action at law or in equity against a developer or agent if the sale or lease was made in violation of section 1703(a) of this title. In a suit authorized by this subsection, the court may order damages, specific performance, or such other relief as the court deems fair, just, and equitable....
 

 (b) Enforcement of rights by purchaser or lessee
 

 A purchaser or lessee may bring an action at law or in equity against the seller or lessor (or successor thereof) to enforce any right under subsection (b), (c), (d), or (e) of section 1703 of this title, (c) Amounts recoverable
 

 The amount recoverable in a suit authorized by this section may include, in addition to matters specified in subsections (a) and (b) of this section, interest, court costs, and reasonable amounts for attorneys’ fees, independent appraisers’ fees, and travel to and from the lot.
 

 Limitations on the actions allowable under 15 U.S.C. § 1709 are contained in 15 U.S.C. § 1711:
 

 (a) Section 1703(a) violations
 

 No action shall be maintained under section 1709 of this title with respect to—
 

 (1) a violation of subsection (a)(1) or (a)(2)(D) of section 1703 of this title more than three years after the date of signing of the contract of sale or lease; or
 

 (2) a violation of subsection (a)(2)(A), (a)(2)(B), or (a)(2)(C) of section 1703 of this title more than three years after discovery of the violation or after dis
 
 *724
 
 covery should have been made by the exercise of reasonable diligence.
 

 (b) Section 1703(b) to (e) violations No action shall be maintained under section 1709 of this title to enforce a right created under subsection (b), (c), (d), or (e) of section 1703 of this title unless brought within three years after the signing of the contract or lease, notwithstanding delivery of a deed to a purchaser.
 

 In essence, ILSFDA intends to provide an exemption where a developer provides a purchaser with an unconditional commitment to construct a condominium unit within two years. If the developer does not qualify for this exemption, the developer is required to: (1) provide a property report to a purchaser prior to the signing of a purchase agreement, and (2) clearly inform the purchaser, in the purchase agreement, of his right to revoke within two years if the required property report is not provided.
 

 We first address the question whether Plaza is exempt from ILSFDA’s requirements because it obligated itself to build within two years. ILSFDA’s compliance exemption in 15 U.S.C. § 1702(a)(2) is addressed to “the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years.” In
 
 Samara Development Corp. v. Marlow,
 
 556 So.2d 1097, 1098 (Fla.1990), the Florida Supreme Court said:
 

 [I]n order for the sale of a condominium in Florida to be exempt from the provisions of the Interstate Land Sales Full Disclosure Act, the contract must unconditionally obligate the developer to complete construction within two years and must not limit the purchaser’s remedies of specific performance or damages.
 

 Id.
 

 Plaza contends that paragraph 5(a) of the purchase agreement unconditionally obligated it to complete construction of the condominium unit within two years. Paragraph 5(a) states in pertinent part:
 

 Notwithstanding anything to the contrary herein, pursuant to the requirements of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701
 
 et seq.,
 
 [Plaza] shall substantially complete the construction of the Unit within two (2) years of the date of this Agreement. The date of completion may be extended by reason of delays incurred by circumstances beyond [Plaza’s] control, such as acts of God, war, civil unrest, imposition by a governmental authority of a moratorium upon construction of the Unit or the providing of utilities or services which are essential to such construction, casualty losses or material shortages or any other grounds cognizable in Florida contract law as impossibility or frustration of performance, including, without limitation, delays occasioned by wind, rain, lighting [sic] and storms. It is the intention of the parties that this sale and purchase shall qualify for the exemption provided by 15 U.S.C. Section 1702(a)(2), and nothing contained in this Agreement shall be construed or operate, as to any obligations of [Plaza] or [Baker and O’Brien], in a manner which would render the exemption inapplicable.
 

 Further, Plaza contends that paragraph 13(a) did not limit the remedies of specific performance and damages. Paragraph 13(a) provides:
 

 In the event [Plaza] fails to comply with or perform any of the conditions to be complied with or any of the covenants, agreements or obligations to be performed by [Plaza] under the terms and conditions of this Agreement, then [Baker and O’Brien] shall be entitled to terminate this Agreement by giving written
 
 *725
 
 notice to [Plaza] and Escrow Agent, whereupon the Deposits shall be immediately delivered to [Baker and O’Brien]. Thereafter, all further rights, obligations and liabilities created hereunder shall be deemed terminated and of no further force and effect. Alternatively, [Baker and O’Brien] may pursue such other remedies as may be available to [Baker and O’Brien] at law or equity.
 

 Baker and O’Brien assert that, although the purchase agreement contains the above-quoted commitment to complete construction of the condominium unit within two years, it also contains overbroad conditions that excused timely performance, thereby rendering the two-year commitment illusory. Paragraph 20 is a force majeure clause, which provides:
 

 20.
 
 FORCE MAJEURE.
 
 Either party hereto shall be excused for the period of any delay in the performance of any obligations hereunder when such delay is occasioned by cause or causes beyond the control of the party whose performance is so delayed and the time for performance shall be automatically extended for a like period. Such causes shall include, without limitation, all labor disputes, civil commotion, war, warlike operations, invasion, rebellion, hostilities, military or usurped power, sabotage, government regulations or controls, fire or other casualty, inability to obtain any necessary materials or services, or acts of God.
 

 Paragraph 26 is a pre-sale contingency clause, providing as follows:
 

 26.
 
 PRE-SALE CONTINGENCY.
 
 [Plaza’s] obligation to close hereunder is expressly contingent upon [Plaza’s] procuring and maintaining in effect binding purchase agreements for the sale of Units at Solaire at The Plaza Condominium that have a combined total base purchase price of at least $23,000,000, (inclusive of the Unit described herein), and such purchasers under said agreements having been approved for a purchase money real estate loan, or in the event of a cash sale, at such time [Baker’s and O’Brien’s] funds for purchase of the Unit are verified, at prices no less than the minimum prices required by [Plaza’s] construction lender. A purchase agreement shall not be deemed binding for purposes of the Paragraph if a purchaser is entitled to void the purchase agreement pursuant to such purchaser’s cancellation rights as described in Paragraph 33 of the Agreement. In the event the above pre-sale requirement is not met on or before the Closing Date, [Plaza] may, at its option, terminate this Agreement not later than thirty (30) days after said date and Escrow Agent shall refund all Deposits paid hereunder and neither party shall have any further rights or obligations hereunder.
 

 Baker and O’Brien contend that the conditions in paragraphs 5(a), 20, and 26 rendered the obligation to complete construction within two years illusory. Further, Baker and O’Brien assert that paragraph 26 limited the remedies of specific performance and damages, which is another reason why the commitment to complete construction within two years was illusory.
 

 Plaza claims compliance with HUD’s rules and regulations published on March 27, 1996, which provide in pertinent part:
 

 Contract provisions which allow for nonperformance or for delays of construction completion beyond the two-year period are acceptable if such provisions are legally recognized as defenses to contract actions in the jurisdiction where the building is being erected. For example, provisions to allow time extensions for events or occurrences such as acts of God, casualty losses or material
 
 *726
 
 shortages are generally permissible.... Although the factual circumstances upon which nonperformance or a delay in performance is based may vary from transaction to transaction, as a general rule delay or nonperformance must be based on grounds cognizable in contract law such as impossibility or frustration and on events which are beyond the seller’s reasonable control.
 

 Interstate Land Sales Registration Program, 61 Fed. Reg. 13596-01, 13603 (Mar. 27, 1996).
 

 There appears to be some disagreement among the many recent federal decisions about the standard to apply to ascertain the validity of a “two-year completion” clause in one of these ILSFDA contracts. In
 
 Jankus v. Edge Investors, L.P.,
 
 619 F.Supp.2d 1328, 1339-41 (S.D.Fla.2009), Judge Hurley discussed the competing points of view and concluded, in line with a series of opinions
 
 [3]
 
 by Judge Steele, in the Middle District of Florida, that the test is impossibility of performance under Florida law.
 
 Jankus,
 
 619 F.Supp.2d at 1339-41. We agree with Judges Steele and Hurley that the question is whether Plaza’s contractual provisions are recognized within Florida’s doctrine of impossibility.
 
 See Hilton Oil Transport v. Oil Transport Co.,
 
 659 So.2d 1141, 1147 (Fla. 3d DCA 1995);
 
 Cook v. Deltona Corp.,
 
 753 F.2d 1552, 1558 (11th Cir.1985)
 
 (citing Shore Inv. Co. v. Hotel Trinidad, Inc.,
 
 158 Fla. 682, 29 So.2d 696 (1947)).
 

 In asserting that Plaza’s provisions overreach, Baker and O’Brien mainly rely upon
 
 Harvey v. Lake Buena Vista Resort, LLC,
 
 568 F.Supp.2d 1354, 1364-65 (M.D.Fla.2008). There, the United States Middle District of Florida found that conditions in a purchase agreement rendered a commitment to complete construction illusory. The
 
 Harvey
 
 purchase agreement contained the following language;
 

 14. Completion and Occupancy of the Unit.
 

 (a) The estimated completion date of the Unit is set forth in Paragraph 3 herein. Buyer acknowledges that the completion date is only an estimate and is subject to and may be extended by Seller. In no event, however, shall such completion date be later than two (2) years from the date Buyer executes this Agreement.
 
 The date for completion may be extended by reason of delays incurred by circumstances beyond Seller’s control, such as acts of God, war, civil unrest, imposition by a governmental authority of a moratorium upon construction of the Unit or providing of utilities or services which are essential to such construction, casualty losses or material shortages or any other grounds cognizable in Florida contract law as impossibility or frustration of performance, including, without limitation, delays occasioned by wind, rain, lightning and storms.
 
 It is the intention of the parties that this sale and purchase shall qualify for the exceptions provided by 15 U.S.C. Section 1702(a)(2), and nothing contained in this Agreement shall be construed or operate, as to any obligations of Seller or Buyer, in a manner which would render the exemption inapplicable.
 

 Id.
 
 at 1358-59. The
 
 Harvey
 
 court explained:
 

 [T]he [developer’s] ability to extend the completion date “by reason of delays incurred by circumstances beyond Seller’s control,” including the very broad category of “any other grounds cogniza
 
 *727
 
 ble in Florida contract law as ... frustration of performance, including without limitation, delays occasioned by wind, rain, lightning, and storms” makes the [developer’s] two-year completion obligation illusory.
 

 Id.
 
 at 1364. The court also found that the last sentence failed to serve as a “savings clause,” whereby the commitment to complete construction within two years would constitute an unconditional commitment for purposes of ILSFDA’s compliance exemption in 15 U.S.C. § 1702(a)(2).
 
 Id.
 
 at 1364-65. The language in the
 
 Harvey
 
 purchase agreement is almost identical to the language in the purchase agreement here.
 

 Plaza asks us to apply
 
 Kamel v. Kenco/The Oaks at Boca Raton LP,
 
 321 Fed.Appx. 807 (11th Cir.2008), in which the United States Eleventh Circuit Court of Appeals found that conditions in a purchase agreement did not render a commitment to complete construction within two years illusory. In
 
 Kamel,
 
 the purchase agreement provided in pertinent part:
 

 Seller does, however, agree to substantially complete construction of the Home in the manner specified in this Agreement by a date no later than one (1) year and eleven (11) months from the date Buyer and Seller execute this Agreement, subject however, to delays caused by Buyer or acts of God, the unavailability of materials, strikes, other labor problems, governmental orders, or other events which would support a defense based upon impossibility of performance for reasons beyond the Seller’s control.
 

 Id.
 
 at 810. The Eleventh Circuit explained:
 

 Because the impossibility of performance defense is well established under Florida law, we conclude that the obligation entered into by Kenco pursuant to paragraph 7 of the purchase agreement is unrestricted. The inclusion of the clause “or other events which would support a defense based upon impossibility of performance” modifies the preceding list of specific items. The district court correctly concluded that the only condition that Kenco placed on its ability to complete construction was impossibility.
 

 Id.
 
 Similar to the
 
 Kamel
 
 purchase agreement, the purchase agreement here contains the modifying clause “or any other grounds cognizable in Florida contract law as impossibility or frustration of performance.” However, unlike the
 
 Kamel
 
 purchase agreement, the modifying clause here contains the subsequent language “including, without limitation, delays occasioned by wind, rain, lighting [sic] and storms.” We conclude, consistent with
 
 Jankus
 
 and
 
 Harvey,
 
 that Plaza is not exempt from ILSFDA. We agree that the two-year construction commitment is more broad than Florida’s defense of “impossibility.”
 

 Because Plaza is not exempt from ILSFDA, we next must determine whether the time limits contained within ILSF-DA were met. The trial court concluded that Baker and O’Brien were not time-barred because they filed suit within the three-year statute of limitations in § 1709. The trial court did not apply the two-year time limit under § 1703 for exercise of the right of rescission provided in the statute as the remedy for the developer’s failure to provide a property report. It is undisputed that there was no rescission within the two years after execution of the purchase agreement. The failure to exercise the right of rescission within the two-year time limit is not curable by filing suit within the three-year statute of limitations. The right to rescind is expressly limited and, if the time limit is not met, the right of rescission expires.
 
 See Taylor v. Holiday Isle, LLC,
 
 561 F.Supp.2d 1269, 1273 (S.D.Ala.2008).
 

 
 *728
 
 Although there is much in
 
 Taylor
 
 with which to agree, we are bound to separate from its analysis on the last issue — the effect of the failure of the developer to include § 1708(c)’s required notice of the two-year limit on the right of rescission for the failure to provide a property report. The
 
 Taylor
 
 court reasoned that the failure of the developer to provide the statutorily required “clear” notice of the two-year right of rescission could not affect the developer’s right to enforce the limitation because the statute did not include any remedy for violation other than, perhaps, the damages remedy in § 1709. The
 
 Taylor
 
 court also treated the two-year rescission right as a statute of limitations and concluded that the “extraordinarily limited” circumstances the law recognizes to avoid a statute of limitations could not apply, in part, because the two-year limitation is contained within the statute and everyone is expected to know the law. 561 F.Supp.2d at 1274-75.
 

 As to the statute of limitations analysis, we do not accept the premise that the provision at issue
 
 is
 
 a statute of limitations. A statute of limitations sets the outer limits for the commencement of litigation and this provision does not do that. This is a two-year right of rescission and upon timely exercise, the statute of limitations for bringing suit to enforce the right is three years from the date of purchase. We see nothing in the statutory rescission right to which the “equitable tolling” analysis of
 
 Taylor
 
 should pertain. We also note that Judge Hurley in the Southern District of Florida has quite recently reached a similar conclusion in
 
 Jankus.
 
 619 F.Supp.2d at 1336-37. The conclusion reached by the
 
 Janlcus
 
 court was that the two-year right of rescission would not begin to run until proper notice of the right to rescind was given, up to expiration of the three-year statute of limitations. For the reasons well described in the
 
 Janlcus
 
 opinion, this analysis is superior to the view taken by the
 
 Taylor
 
 court, which effectively holds the developer harmless for the failure to give the required notice. The result in
 
 Jankus
 
 is consistent with Florida law.
 
 [4]
 

 See Engle Homes v. Krasna,
 
 766 So.2d 311 (Fla. 4th DCA 2000). Because there is no suggestion that Plaza gave the statutorily required notice to Baker and O’Brien prior to their filing suit within the three-year statute of limitations, we affirm.
 

 AFFIRMED.
 

 ORFINGER and COHEN, JJ., concur.
 

 [1]
 

 . 15 U.S.C. §§ 1701-1720 (2000). This court has jurisdiction pursuant to 15 U.S.C. § 1719 (2000), which provides that the United States District Courts and State courts shall have concurrent jurisdiction “of all suits in equity and actions at law brought to enforce any liability or duty created by [the Interstate Land Sales Full Disclosure Act].”
 

 [2]
 

 . In a deposition, O'Brien testified that: (1) she lived out-of-state, (2) she and Baker agreed to purchase the condominium unit together, (3) Baker arranged to have his mother serve as the realtor, (4) Baker and his mother visited O'Brien at her parents' home in Siesta Key, Florida, where she, Baker, and Baker's mother signed the Solaire at the Plaza Condominium Purchase Agreement, (5) she provided her share of the necessary deposit money through two checks, totaling $22,395.00, (6) she relied upon Baker to handle the purchase of the condominium unit, (7) she contacted Plaza in February 2007 regarding the status of the condominium's construction because she had not heard from either Baker or Plaza, and (8) at the time she contacted Plaza in February 2007 about the status, she learned that her name was not on the purchase agreement.
 

 [3]
 

 .
 
 Disimone v. LDG South II, LLC,
 
 2009 WL 210711 (M.D.Fla. Jan.28, 2009);
 
 Van Hook v. The Residences at Coconut Point, LLC,
 
 2008 WL 2740331 (M.D.Fla. July 10, 2008);
 
 Stein v. Paradigm Mirsol, LLC,
 
 551 F.Supp.2d 1323 (M.D.Fla.2008).
 

 [4]
 

 . Although not raised in this case or discussed in the many federal decisions touching on this issue, under Florida law, the remedy for the failure to give the recognized statutory notice may have a limitation not described in
 
 Janie us.
 
 In a case considered by the Florida Supreme Court where there was a failure to provide die statutorily required notice, the court suggested that proof that the person entitled to statutory notice already had
 
 actual
 
 notice would avoid a failure to give notice defense.
 
 American Home Assur. Co. v. Plaza Materials Corp.,
 
 908 So.2d 360, 369-70 (Fla.2005).