ON MOTION FOR REHEARING
 

 TAYLOR, J.
 

 Toll Brothers, Inc. and the Florida Home Builders Association timely filed a motion to appear as amicus curiae for the purpose of filing a motion for rehearing directed to our opinion dated September 23, 2009. We grant their motions to appear as amicus curiae and motions for rehearing, vacate our prior opinion, and substitute the following in its place.
 
 [1]
 

 Home Devco/Tivoli Isles LLC (Home Devco) appeals from a final summary judgment entered in favor of Donna Silver for return of a construction deposit due to Home Devco’s noncompliance with the Interstate Land Sales Full Disclosure Act (“ILSA” or the “Act”), 15 U.S.C. § 1701 et seq. Silver sued Home Devco to rescind a contract for the sale of real property and recover her deposit because Home Devco had failed to provide her with a property report before execution of the contract, as required by ILSA. Home Devco responded that it was exempt from the Act because the contract obligated it to complete construction of the residence within two years of the contract. The trial court granted Silver’s motion for summary judgment, finding that Home Devco was not exempt from the provisions of the Act because the contract did not contain an unconditional commitment by Home Devco to complete construction of the residence within two years. We disagree and reverse the final summary judgment.
 

 
 *720
 
 Home Devco is the developer of the Tivoli Isles community, a residential development in Delray Beach, Florida. On March 25, 2005, Silver and Home Devco entered into a purchase and sale agreement for the sale of a lot in Tivoli Isles and a home to be constructed on the lot by Home Devco. In her suit against Home Devco, Silver alleged that the transaction was subject to ILSA and that Home Devco violated the Act by failing to deliver a copy of the property report to her before she signed the purchase contract. She alleged that she timely notified Home Devco that she wanted the transaction rescinded and her $50,990 deposit returned. In response, Home Devco conceded that it did not provide Silver with a property report but contended that it was exempt from ILSA requirements because the purchase and sale agreement expressly provided for completion of construction within twenty-four months.
 

 The trial court granted Silver’s motion for summary judgment, finding that because the contract did not contain an unconditional commitment to complete construction within twenty-four months, Home Devco was not exempt from ILSA requirement to furnish a property report to Silver. Accordingly, the trial court rescinded the contract and ordered refund of the $50,990 deposit, plus prejudgment interest and court costs. Home Devco appealed the final summary judgment.
 

 Congress passed ILSA in 1968 “to protect purchasers from unscrupulous sales of undeveloped home sites, frequently involving out-of-state sales of land purportedly suitable for development but actually under water or useful only for grazing.”
 
 Fortunato v. Windjammer Homebuilders, Inc.,
 
 2006 WL 208777, at *2 (M.D.Fla. Jan. 25, 2006) (quoting
 
 Winter v. Hollingsworth Props.,
 
 777 F.2d 1444, 1447 (11th Cir.1985)). ILSA is an anti-fraud statute, which, among other things, makes it unlawful to sell or lease non-exempt lots without furnishing the purchaser or lessee with a printed property report meeting statutory standards in advance of the signing of the contract to purchase or lease the property. 15 U.S.C. § 1703(a)(1)(B). Failure to provide the report as required permits the buyer or lessee to revoke the contract at any time within two years of the date of signing the contract. 15 U.S.C. § 1703(c). In the event of revocation, the buyer or lessee is entitled to a refund of any deposits paid. 15 U.S.C. § 1703(e).
 

 However, ILSA provides an exemption for “the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years.” 15 U.S.C. § 1702(a)(2). The issue in this appeal is whether the agreement between Home Devco and Silver obligates Home Devco to complete construction of the residence within two years so as to exempt Home Devco from ILSA’s requirement to provide a property report to the purchaser.
 

 To decide this issue, we must examine the language of the agreement, applying both federal and state law. Federal law governs our interpretation of ILSA because it is a federal statute.
 
 Stein,
 
 586 F.3d at 854 (citing
 
 Caley v. Gulf stream Aerospace Corp.,
 
 428 F.3d 1359, 1369 n. 9 (11th Cir.2005)). But state law controls our analysis of the nature and extent of the contractual obligation imposed by the agreement and determination of whether the obligation is real or illusory.
 
 Id.; Samara Dev. Corp. v. Marlow,
 
 556 So.2d 1097, 1099-1100 (Fla.1990).
 

 Paragraph 13 of the Purchase and Sale Agreement states:
 

 Notwithstanding the foregoing or any other provision contained in this Agree
 
 *721
 
 ment, the Seller agrees that it is unconditionally obligated to complete and to deliver the Residence to buyer no later than twenty-four (24) months from the date of the execution of this Agreement, however, said twenty-four (24) month period shall be extended by any time lost to Seller as a result of delays caused by
 
 acts of God, acts of governmental authority, flood, hurricane, strikes, labor conditions beyond Seller’s control, or any other similar causes not within Seller’s control.
 

 (emphasis added).
 

 Relying on the Florida Supreme Court’s statement in
 
 Samara
 
 that the contract must “unconditionally obligate” the developer to complete construction within two years for the exemption to apply, 556 So.2d at 1098, Silver argues that the contract here did not contain such an unconditional commitment. Instead, she contends, the agreement contained overbroad, catchall language extending the completion period for a variety of reasons that rendered the developer’s obligation to timely complete construction illusory.
 
 [2]
 

 In
 
 Samara,
 
 the Florida Supreme Court noted that the administrative interpretations of a statute by the agency required to enforce that statute are entitled to great weight. 556 So.2d at 1099. The federal Department of Housing and Urban Department (HUD), which is responsible for administering ILSA, issued new guidelines in 1996 interpreting the “two-year exemption. The guidelines permit the extension of the two-year completion period based upon facts which would constitute an impossibility of performance defense to a contract action. The new HUD Guidelines state, in pertinent part:
 

 Contract provisions which allow for nonperformance or for delays of construction completion beyond the two-year period are acceptable
 
 if such provisions are legally recognized
 
 as
 
 defenses to contract actions in the jurisdiction where the building is being erected.
 
 For example, provisions to allow time extensions for events or occurrences such as acts of God, casualty losses or material shortages are generally permissible ....
 

 Although the factual circumstances upon which nonperformance or a delay in performance is based may vary from transaction to transaction,
 
 as a general rule delay or nonperformance must be based on grounds cognizable in contract law such as impossibility or frustration and on events which are beyond the seller’s reasonable control.
 

 Guidelines for Exemptions Available Under the Interstate Land Sales Full Disclosure Act, 61 Fed.Reg. 13596 (Mar. 27, 1996) (emphasis added).
 

 Silver acknowledges that certain specified events in the contract, such as acts of God or labor strikes, could support an impossibility of performance defense, but she maintains that inclusion of the clause, “or any other similar causes not within Seller’s control,” absolves Home Devco of its obligation and disqualifies it from the exemption. To support her position, Silver cites
 
 Harvey v. Lake Buena Vista Resort, LLC,
 
 568 F.Supp.2d 1354, 1359 (M.D.Fla.2008). There, the district court concluded
 
 *722
 
 that a developer’s ability to extend the completion date “by reason of delays incurred by circumstances beyond Seller’s control” and for “any other grounds cognizable in Florida contract law as ... frustration of performance, including, without limitation, delays occasioned by wind, rain, lightning and storms” made the resort’s two-year completion obligation illusory. The court reasoned that the resort’s commitment was not an “unconditional obligation” because the broad range of reasons excusing timely completion did not qualify under Florida law’s impossibility of performance principles. In so concluding,
 
 Harvey
 
 relied extensively on the district court’s analysis in
 
 Stein v. Paradigm Mirsol, LLC,
 
 551 F.Supp.2d 1323 (M.D.Fla.2008)
 

 In
 
 Stein,
 
 the district court considered a condominium construction contract with a
 
 force majeure
 
 clause similar to the one in the case before us. The clause in
 
 Stein
 
 provided that the “Seller shall not be responsible for any delay caused by acts of God, weather conditions, restrictions imposed by any governmental agency, labor strikes, material shortages or other delays beyond the control of the Seller.” Taking into account the HUD guidelines on ILSA’s exemption, the district court concluded that these exclusions did not satisfy Florida’s impossibility of performance standards; thus the seller’s obligation was illusory and disqualified him from the exemption.
 

 Recently, however, the Eleventh Circuit reversed
 
 Stein. See Stein v. Paradigm Mirasol,
 
 586 F.3d 849 (11th Cir.2009). The court disagreed that the developer’s contractual duty to complete construction was illusory and upheld application of its exemption. The circuit court questioned the district court’s use of Florida’s doctrine of impossibility as the measure of obligation under ILSA’s exemption. It explained that the court’s focus should be on the key term in the text of the Act, “obligating,” and that this term should be interpreted under federal law, utilizing its ordinary meaning.
 
 Stein,
 
 586 F.3d at 853-54. The court stated that “[g]iven the context and the ordinary meaning of ‘obligating,’ the § 1702(a)(2) exemption applies when a contract imposes a legal duty on the developer to perform his promise to construct the condominium or other building within two years.”
 
 Id.
 
 at 854.
 

 Regarding Florida contract law pi’inci-ples,
 
 Stein
 
 noted that
 
 force majeure
 
 clauses broader than the scope of impossibility are enforceable under Florida law,
 
 [3]
 
 including those allowing foreseeable as well as unforeseeable events to excuse timely performance. The court questioned why such clauses should render a contract non-exempt.
 
 Id.
 
 at 857. In the final analysis, the court concluded that a developer may place a condition on its two-year completion obligation that does not qualify as a defense under Florida’s impossibility of performance doctrine, yet still be entitled to the exemption. So long as the
 
 force majeure
 
 clause limits exclusions to events beyond the control of the seller, and not within its discretion, the contract “obligates” the seller to complete construction within the two-year period for purposes of the Act; the obligation is not illusory.
 
 Id.
 
 at 858.
 

 
 *723
 
 As in
 
 Stein,
 
 the contract at issue here, which references acts of God, acts of governmental authority, hurricanes, strikes, labor conditions beyond seller’s control, or “any other similar causes not within Seller’s control,” limits exclusions to events beyond the seller’s control and does not make the two-year duty subject to the seller’s discretion. Furthermore, because the clause “or any other
 
 similar
 
 causes not within Seller’s control” follows events listed before it — events which provide a recognized defense to a claim for contractual breach under Florida law — the clause can be construed as covering only events which are beyond the seller’s control.
 

 Recently, the second district in
 
 Aikin v. WCI Communities, Inc.,
 
 34 Fla. L. Weekly D2608 (Fla. 2d DCA Dec. 18, 2009), affirmed the trial court’s ruling that the condominium seller was exempt from the registration and disclosure requirements of ILSA because the contract contained a binding obligation to construct the unit within two years. The contract allowed the date for completion to be extended by reason of delays “incurred by circumstances beyond Seller’s control, such as acts of God, or any other grounds cognizable in Florida contract law as impossibility or frustration of performance, including, without limitation, delays occasioned by rain, wind and lightning storms.” The court agreed with
 
 Mailloux
 
 that
 
 Samara
 
 ’s “unconditionally obligate” language does not prohibit
 
 all
 
 conditions on the two-year construction obligation in order for a seller to qualify for the exemption.
 
 [4]
 
 In upholding the seller’s exemption, the court concluded that WCI’s listing of conditions beyond its control did not extend the clause’s scope beyond that permissible under HUD guidelines.
 

 Because we conclude that the language in the sales contract did not render Home Devco’s obligation to complete construction within two years illusory, Home Devco was exempted from ILSA’s disclosure requirements. Accordingly, we reverse the final summary judgment.
 

 Reversed and Remanded.
 

 WARNER and POLEN, JJ„ concur.
 

 [1]
 

 . In our original opinion,
 
 Home Devco/Tivoli Isles, LLC v. Silver,
 
 34 Fla. L. Weekly D1932 (Fla. 4th DCA Sept. 23, 2009), we placed great reliance on the federal district’s decision in
 
 Stein v. Paradigm Mirsol, LLC,
 
 551 F.Supp.2d 1323 (M.D.Fla.2008), as well as other decisions that relied on
 
 Stein,
 
 in interpreting a contractual provision under the Interstate Land Sales Full Disclosure Act (“ILSA”). A week after our decision was issued, the Eleventh Circuit reversed the
 
 Stein
 
 trial court decision.
 
 See Stein v. Paradigm Mirasol, LLC,
 
 586 F.3d 849 (11th Cir.2009).
 

 [2]
 

 . In
 
 Mailloux v. Briella Townhomes, LLC,
 
 3 So.3d 394 (Fla. 4th DCA 2009), where purchasers relied on
 
 Samara
 
 to argue that the contract did not unconditionally obligate the seller to complete construction within two years because it permitted delays for acts of God, impossibility of performance, and frustration of purpose, we distinguished
 
 Samara,
 
 noting that
 
 Samara
 
 concerned a contractual limitation on the purchaser’s remedies of specific performance and damages rather than recognized defenses to nonperformance.
 
 Id.
 
 at 396.
 

 [3]
 

 .
 
 See, e.g., St. Joe Paper Co.
 
 v.
 
 State Dep't of Envtl. Regulation,
 
 371 So.2d 178, 180 (Fla. 1st DCA 1979) (implicitly recognizing that a
 
 force majeure
 
 clause that excuses delays for "any cause ... not within the reasonable control of the company” was enforceable);
 
 Camacho Enterprises, Inc. v. Better Constr., Inc.,
 
 343 So.2d 1296, 1297 (Fla. 3d DCA 1977) (interpreting the contract’s
 
 force majeure
 
 clause as excusing delay where its president's heart attack was a circumstance "beyond the control” of the development company).
 

 [4]
 

 . As did the second district in
 
 Aikin,
 
 we note some conflict between the Eleventh Circuit and the Florida Supreme Court as to their interpretation of ILSA and opinion on the weight that should be given the HUD guidelines in interpreting the Act.
 
 See Stein,
 
 586 F.3d at 857 n. 5.