WOLF, J.
 

 Appellants seek review of the trial court’s grant of appellee’s motion for summary judgment dismissing appellants’ rescission of contract claims. Appellants attempted to rescind a pre-development condominium sales contract alleging the contract violated the Interstate Land Sales Act (ILSA). The trial court determined the contract was exempt from the ILSA because the seller was obligated to complete its obligations under the contract within two years. We agree and align our court with the well-reasoned opinion in
 
 Aikin v. WCI Communities,
 
 26 So.3d 691 (Fla. 2d DCA 2010), and declare express conflict with the decision in
 
 Plaza Court, L.P. v. Baker-Chaput,
 
 17 So.3d 720 (Fla. 5th DCA 2009).
 

 The ILSA is codified in 15 U.S.C. §§ 1702-1720 and was passed in the 1960’s to protect buyers of out-of-state parcels from scams, given the inability to inspect the pre-construction areas on site.
 
 [1]
 
 Among other things, the ILSA requires developers register with the United States Department of Housing and Urban Development (HUD) and furnish a “property report” to buyers before the signing of the agreement.
 
 See
 
 15 U.S.C. §§ 1703, 1707 (2005). This report has lengthy disclosure requirements and is intended to insure the consumer is protected. 15 U.S.C. § 1707. In addition, the ILSA requires all sales contracts obligate the developer to complete all recreational amenities, roads, utilities, sewage services, water, etc., represented to be part of the project in advertisements. 15 U.S.C. § 1703.
 

 However, the ILSA includes an exemption from these requirements in certain circumstances. The relevant exemption argued in the underlying case includes the following provision:
 

 Unless the method of disposition is adopted for the purpose of evasion of this chapter, the provisions of this chapter shall not apply to—
 

 [[Image here]]
 

 
 *647
 
 (2) the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years....
 

 15 U.S.C. § 1702(a)(2).
 

 Appellants assert the following contractual language creates an illusory obligation to complete the contract within two years, and thus, makes the contract ineligible for the ILSA exemption provided in 15 U.S.C. § 1702(a)(2):
 

 Except as provided in the immediately following sentence, in no event shall the completion date of the Unit be later than two (2) years from the date Buyer executes this Contract. The date for completion may be extended by Seller by reasons of delays incurred by circumstances beyond Seller’s reasonable control, such as acts of God, war, civil unrest, imposition by a governmental authority of a moratorium upon construction of the Unit or the Condominium or the providing of utilities or services which are essential to such construction, casualty losses or material or labor shortages or any other grounds cognizable in Florida contract law as impossibility or frustration of performance, including, without limitation, delays occasioned by wind, rain, lightning and storms. It is the intention of the parties that this sale and purchase shall qualify for the exemption provided by the Interstate Land Sales Full Disclosure Act, 15 U.S.C. Section 1702(a)(2), and nothing contained in this Contract shall be construed or operate, as to any obligations of Seller or Buyer, in a manner which would render the exemption inapplicable.
 

 Florida courts have grappled with the proper application of this ILSA exemption as far back as the 1980’s. In 1990, in
 
 Samara Development Corporation v. Marlow,
 
 556 So.2d 1097 (Fla.1990), the supreme court considered whether a pre-development contract allowing for only specific performance or return of a deposit in the event of a breach was an illusory obligation to complete a contract within two years, thereby denying the builder the ILSA exemption. The court found the limitation on remedies and failure to allow a suit for damages created an illusory requirement to complete the project within two years, and thus, made the contract ineligible for the ILSA exemption.
 
 Id.
 
 at 1101.
 
 See also Hardwick Prop., Inc. v. Newbern,
 
 711 So.2d 35 (Fla. 1st DCA 1998) (citing and discussing
 
 Samara,
 
 and finding the contractual allowance for only “general” damages, equitable remedies, and/or return of the deposit in the event of a breach did not render the promise to complete the project within two years illusory and, thus, did not trigger the ILSA requirements).
 

 In
 
 Samara
 
 and
 
 Hardwick,
 
 the courts focused on whether the obligation to complete within two years was an illusory obligation based on the ease with which the builder could escape the contractual obligation. Given this focus, appellants assert the disputed contractual provision rendered appellee’s obligation to perform the contract within two years illusory. On the contrary, appellee asserts the obligation to complete within two years was not illusory because the only excuse for nonperformance would have been an event which created an impossibility of performance as that term is recognized in Florida law. Generally, courts have found contractual provisions similar to the one in question here are not illusory, and thus, the ILSA exemption applies.
 

 
 *648
 
 In
 
 Mailloux v. Briella Townhomes, LLC,
 
 3 So.3d 394, 395 (Fla. 4th DCA 2009), the Fourth District recently considered whether a purchase contract which “permitted delays associated with acts of God, impossibility of performance, and frustration of purpose” created an illusory obligation to complete the project within two years. In finding the obligation was not illusory, the court noted “[i]n Florida, acts of God, impossibility of performance, and frustration of purpose are well-recognized defenses to nonperformance of a contract.”
 
 Id.
 
 at 396 (citations omitted). Based on the foregoing, the court held that “well-recognized defenses to contractual nonperformance which are included in the contract at issue do not render [the] obligation to complete construction within two years illusory within the ILSA context.”
 
 Id.
 

 Recently, in
 
 Aikin,
 
 26 So.3d 691, the Second District considered all relevant federal and Florida law and upheld a similar provision as excluding the purchase contract from ILSA. In doing so, the
 
 Aikin
 
 opinion gave great weight to HUD guidelines, stating in pertinent part:
 

 The Secretary of Housing and Urban Development (HUD) is charged with the responsibility of administering the Act. 15 U.S.C. § 1715. HUD has promulgated guidelines for interpreting the statutory exemptions. See 61 F.R. 13596-01 (Mar. 27, 1996), Supplemental Information to Part 1710: Guidelines for Exemptions Available Under the Interstate Land Sales Full Disclosure Act (the Guidelines). “[T]he administrative interpretations of a statute by the agency required to enforce that statute are entitled to great weight.”
 
 Samara,
 
 556 So.2d at 1099; see also
 
 Winter, 777
 
 F.2d at 1448 (same). Accordingly, before addressing Florida contract law as to the issues before us, we review HUD’s Guidelines.
 

 The Guidelines acknowledge that “HUD’s interpretation of what constitutes an obligation to construct a building relies on general principles of contract law.” Guidelines, part IV(b). The Guidelines state in pertinent part as follows:
 

 The contract must not allow nonperformance by the seller at the seller’s discretion. Contracts that permit the seller to breach virtually at will are viewed as unenforceable because the construction obligation is not an obligation in reality.
 
 Thus, for example, a clause that provides for a refund of the buyer’s deposit if the seller is unable to close for reasons normally within the seller’s control is not acceptable for use under this exemption. Similarly, contracts that directly or indirectly waive the buyer’s right to specific performance are treated as lacking a realistic obligation to construct. HUD’s position is not that a right to specific performance of construction must be expressed in the contract, but that any such right that purchasers have must not be negated. For example, a contract that provides for a refund or a damage action as the buyer’s sole remedy would not be acceptable.
 

 Contract provisions which allow for nonperformance or for delays of construction completion beyond the two-year period are acceptable if such provisions are legally recognized as defenses to contract actions in the jurisdiction where the building is being erected.
 
 For example, provisions to allow time extensions for events or occurrences such as acts of God, casualty losses or material shortages are generally permissible.
 
 Also permissible, in the case of multi-unit construction, is a clause conditioning the completion of construction or closing of
 
 
 *649
 

 title on a certain percentage of sales of other units.
 
 The presale period cannot exceed 180 days from the date the first purchaser signs a contract in the project or, in a phased project, from the date the first purchaser signs a sales contract in a phase. Such a clause may not extend the overall two-year obligation to construct.
 

 Although the factual circumstances upon which nonperformance or a delay in performance is based may vary from transaction to transaction,
 
 as a general rule delay or nonperformance must he based on grounds cognizable in contract law such as impossibility or frustration and or events which are beyond the seller’s reasonable control.
 

 Id.
 
 (emphasis added).
 

 [[Image here]]
 

 In
 
 Samara ...
 
 [t]he court ... explained that “[t]he position indicated by these [Guidelines is clearly that the obligation to complete construction within two years must not be illusory, and that limitation of the remedy of specific performance is one example of where the seller would be permitted ‘to breach virtually at will.’ ”
 
 Id.
 
 at 1099.
 

 Aikin,
 
 26 So.3d at 695-96. After considering the weight afforded the HUD guidelines and reviewing various different federal and Florida cases on this issue, the court stated in relevant part:
 

 Here, the contract provided that the completion period may be extended “by reason of delays incurred by circumstances beyond Seller’s control, such as acts of God, or any other grounds cognizable in Florida contract law as impossibility or frustration of performance, including, without limitation, delays occasioned by rain, wind and lightning storms.” The Guidelines specifically exempt everything in this provision with the exception of “delays occasioned by rain, wind and lightning storms.” We do not find that WCI’s listing of these potential occurrences which are beyond its control extends the clause’s scope beyond that permissible under the Guidelines. Accordingly, the conditions placed on WCI’s two-year construction obligation do not render the obligation illusory.
 

 Id.
 
 at 698-99 (citations omitted).
 

 The only Florida case finding similar contractual provisions rendered the builder’s obligation to complete within two years illusory is
 
 Plaza Court,
 
 17 So.3d 720.
 
 [2]
 
 In
 
 Plaza Court
 
 the Fifth District, reviewing federal precedent, found opposite of
 
 Aikin
 
 and determined a contractual provision, which included a provision that the two-year time limitation could be extended for reasons recognized under “Florida contract law as impossibility or frustration of performance, including, without limitation, delays occasioned by wind, rain, lighting, and storms,” allowed for non-performance excuses not traditionally recognized in Florida law by the accepted doctrines of impossibility of performance, acts of God, and frustration of purpose law.
 
 Id.
 
 at 726 (citation omitted). The court read this provision’s “frustration of performance” language as something different and much broader than the “impossibility of performance” doctrine.
 
 Id.
 
 at 727. Thus, the court found the two-year
 
 *650
 
 time limitation was illusory and the ILSA exemption did not apply.
 
 Id.
 

 In considering these opposing holdings, we align ourselves with the well-reasoned opinions in
 
 Aikin
 
 and
 
 Mailloux.
 
 As noted in
 
 Aikin,
 
 the holding in
 
 Plaza Court
 
 relied heavily on the federal holdings in
 
 Jankus v. Edge Investors, L.P.,
 
 650 F.Supp.2d 1248 (S.D.Fla.2009), and
 
 Harvey v. Lake Buena Vista Resort, LLC,
 
 568 F.Supp.2d 1354 (M.D.Fla.2008) which have now been called into question by a recent decision of the Eleventh Circuit,
 
 Stein v. Paradigm Mirasol, LLC,
 
 586 F.3d 849, 857 (11th Cir.2009).
 

 Based on the foregoing, we find the plain reading of the disputed contractual provision does not broaden excusable delay events outside those recognized in Florida law. The language discussing delays occasioned by the enumerated weather conditions is qualified by the language noting
 
 “any other grounds cognizable in Florida law as impossibility or frustration of performance.”
 
 (Emphasis added).
 

 Contrary to appellants’ assertions, the foregoing contractual provision limits excusable delays based on wind, rain, lightning, and storms to only those conditions which would render performance excused pursuant to Florida law. The mere presence of wind, rain, lightening, and storms would not excuse appellee’s obligation to perform the contract within two years. Rather, the wind, rain, lightening, and/or storm would have to be of such a type to render performance excused pursuant to existing Florida law recognizing excusable delays based on acts of God, impossibility of performance and frustration of purpose. Accordingly, appellee’s obligation to complete the project within two years was not illusory and would only be excused in a narrow class of events. As such, the additional contractual language did not take the contract out of the ILSA exemption allowing for rescission. For this reason, we affirm the dismissal of the ILSA claims.
 

 AFFIRMED.
 

 ROBERTS and WETHERELL, JJ., concur.
 

 [1]
 

 .
 
 See Home Devco/Tivoli Isles LLC v. Silver,
 
 26 So.3d 718, 720 (Fla. 4th DCA 2010) (citations omitted).
 

 [2]
 

 . The Fourth District had at one time issued an opinion supporting appellant's argument.
 
 See Home Devco/Tivoli Isles LLC v. Silver,
 
 34 Fla. L. Weekly D1932 (Fla. 4th DCA Sept.23, 2009). However, the court receded from this holding and issued an opinion contrary to its original holding on rehearing.
 
 See Home Devco/Tivoli Isles LLC v. Silver,
 
 26 So.3d 718 (Fla. 4th DCA 2010).